IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACQUELYN ARCHAMBAULT,

    Plaintiff,                      No. CIV S-08-1616 LKK GGH PS

    vs.

ADESA GOLDEN GATE,[1]         FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    Presently pending before this court is defendant's motion to dismiss filed July 18, 2008, and the application of plaintiff, who proceeds in pro se, for waiver of court fees and costs filed July 29, 2008. The court submitted both matters for decision on the papers by order filed August 8, 2008. For the following reasons, this court recommends that defendant's motion to dismiss be granted and this case be remanded to state court for further consideration of plaintiff's state claims. This court does not reach plaintiff's request for waiver of fees and costs.

BACKGROUND

    Defendant removed this action from the San Joaquin County Superior Court on July 11, 2008, premised on this court's subject matter jurisdiction over plaintiff's federal claims.

---

[1] Defendant states that it is correctly known as ADESA California, LLC, d/b/a ADESA Golden Gate; its parent corporation is ADESA, Inc.

28 U.S.C. § 1441(a).

The complaint alleges that on the afternoon of May 22, 2008, pursuant to appointment, plaintiff drove a rental car to defendant's Tracy business location for the purpose of obtaining or "redeeming" her own vehicle which had been previously repossessed. A friend accompanied plaintiff. As plaintiff proceeded with her rental car through defendant's front gate, a man wrote numbers on the car. When plaintiff objected, the man stated that the writing would come off with "a little water and a razor blade." He directed plaintiff to "the front of the building" where another employee assured plaintiff someone would remove the writing from her rental car, but no one did.

After being directed to the "back of the building" to pick up her vehicle, and while walking past the security desk, a "temporary employee" whistled in "cat call" fashion to plaintiff and her friend, both of whom were offended and reported the action to security.

When it was time to pick up her own car, plaintiff sought first to drive and park her rental car off the premises so that she could comply with defendant's requirement that she drive her own car from the premises. At this juncture, some of defendant's employees "impeded" plaintiff's driving and "held" plaintiff and her friend "behind the lines and under duress." The employees insisted that they check the trunk of plaintiff's rental car before it vacated the premises.

Based on these alleged facts, plaintiff makes the following claims: (1) "property damage with intent to deface rental and personal property," in violation of Cal. Penal Code § 594; (2) "sexual harassment and lewd conduct with intentions to harass and arouse," in violation of Cal. Penal Code § 647(a), and "sexual harassment" in violation of "Title VII;" and (3) "illegal search and seizure, including but [not] limited to false imprisonment, and interference with driver operations," in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, Cal. Penal Code § 236, and Cal. Vehicle Code § 21701. Plaintiff seeks $11,500,000.00 in damages.

LEGAL STANDARDS

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

\\\\\

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

DISCUSSION

To the extent that plaintiff's first and second causes of action are premised upon provisions of the California Penal Code, they fail to state claims upon which relief may be granted because criminal statutes do not provide a private right of action. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights). Plaintiff's first cause of action for vandalism cites no other authority than California Penal Code section 594, and none can reasonably be inferred, and therefore the claim should be dismissed.

Plaintiff's second cause of action relies not only on California Penal Code section 647(a) (lewd conduct), but is premised generally upon "sexual harassment" and "Title VII." Plaintiff fails to state a federal claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which protects employees from sexual harassment in the work place; plaintiff was defendant's customer, not its employee.[2] Nor is the analogous state statute, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, applicable to these facts.[3] However, plaintiff may state a common law tort claim. While "[t]here is no common law cause of action for sexual harassment . . . conduct constituting sexual harassment may be alleged in

---

[2] Moreover, even if Title VII were applicable, "[it] does not provide a remedy for every epithet or offensive remark. For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive work environment." Wilkie v. Robbins, ___U.S. ___, 127 S. Ct. 2588, 2616 (2007) (citation and internal quotations omitted).

[3] FEHA applies the federal standard. See, e.g., Garcia v. Los Banos Unified School District, 418 F. Supp. 2d 1194, 1223 (E.D. Cal. 2006) (noting California's adoption of federal definition of sexual harassment).

common law claims such as . . . intentional infliction of emotional distress."[4]  <u>Myers v. Trendwest Resorts, Inc.</u>, 148 Cal. App. 4th 1403, 1426-1427 (2007), citing <u>Medix Ambulance Service, Inc. v. Superior Court</u>, 97 Cal.App.4th 109, 118-119 (2002).  Since this matter presents a question of state law, this case should be remanded for review by the superior court.

With respect to plaintiff's third cause of action, her claim under California Penal Code section 236 (false imprisonment) must be dismissed due to the absence of a private right of action under the statute.  Plaintiff's illegal search and seizure claim made pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution (and implicitly 42 U.S.C. § 1983, the vehicle for pursuing damages claims for federal constitutional and statutory violations) should also be dismissed due to the absence of state action on the part of defendant.[5]  The Ninth Circuit has identified four tests to identify state action by an otherwise private party: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."  <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092 (9th Cir. 2003).  Plaintiff has alleged none of these factual predicates, and the complaint does not reasonably establish any.  Rather, the complaint alleges only that defendant is a private company whose employees acted inappropriately within their private – not public or governmental – capacity.  That plaintiff's allegations are limited to defendant's private business practices is underscored by her statement that, "If this type of occurrence is regular for their business, the employees should have given me

\\\\\

---

[4] "The elements of a prima facie case for the tort of intentional infliction of emotional distress are:  (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  <u>Cervantez v. J. C. Penney Co.</u>, 24 Cal.3d 579, 593 (1979).

[5] To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents."  <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

a written notice of the company's policy prior to entering their premises." Plaintiff's Complaint, p. 4.

However, as with plaintiff's second cause of action, her third cause of action may state a common law tort claim. In California, the common law tort of false imprisonment is defined as the " 'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short,' " Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994), quoting Molko v. Holy Spirit Association, 46 Cal. 3d 1092, 1123 (1988), a definition that is at least superficially met in this case. Again, judicial review of this claim properly lies with the state court. Similarly, plaintiff's claim pursuant to California Vehicle Code section 21701 (wilful interference with driver, an infraction) appears to be more applicable to tort than penal claims. See, e.g., Reclusado v. Mangum, 228 Cal. App. 2d 8, 13-16 (1964) (§ 2170) as basis for finding contributory negligence).

Accordingly, this court finds that plaintiff has failed to articulate a cognizable federal claim and therefore recommends that her complaint be dismissed on that basis. Furthermore, as there remains no federal subject matter jurisdiction, this court should decline to exercise supplemental jurisdiction over plaintiff's possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988). This case should therefore be remanded to the state court for further consideration of plaintiff's state law claims.

Finally, plaintiff seeks waiver of court fees and costs. Based upon this court's recommendation that this case should be dismissed, the court further recommends that plaintiff's

request be denied as unripe. Whatever fees and costs could be assessed against plaintiff have not been, nor has any such request for fees and costs been made. It would be inappropriate to adjudicate any waiver at this time.[6]

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1) Defendant's motion to dismiss (Docket Entry No. 9), filed July 18, 2008, be GRANTED;

2) This case be REMANDED to state court for consideration of plaintiff's state law claims; and

3) Plaintiff's application for waiver of fees and costs (Docket Entry No. 12), filed July 29, 2008, be DENIED as unripe.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

So ordered.

DATED: 09/03/08                                     /s/ Gregory G. Hollows
                                                    _____
                                                    GREGORY G. HOLLOWS
                                                    U. S. MAGISTRATE JUDGE

GGH5:Archambault1616.f&r

---

[6] The undersigned does not view plaintiff's request as one for a refund of any fees she may have paid upon removal.